# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACOB M. PLISKA,

    Plaintiff,

    v.                                         Case No. 17-CV-1293

SHAWANO COUNTY JAIL,
MD KEN ANOLIGO,
CO PATTI,
CHRIS REKOSKE,
TYLOR RICH, AND
ODESSO CLAY,

    Defendants.

## SCREENING ORDER

Jacob M. Pliska, who is representing himself, is confined at the Shawano County Jail. This matter is before me to screen the second amended complaint.

*Standard of Review for Screening Second Amended Complaint*

The Court shall screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, Pliska is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Pliska need not plead specific facts and his statement need

only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Pliska's *pro se* allegations, "however

inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Second Amended Complaint's Allegations*

On June 2, 2017, Pliska was "on the run" when around 10:30, defendant Chris Rekoske and two other Shawano deputies dispatched to an "em1 situation." (ECF No. 15 at 2.) During a struggle to get handcuffs on his wrist, Pliska began to have a seizure when the deputy decentralized him. Later, a deputy put a shoe in Pliska's mouth to protect his head from the ground.

On June 18, 2017, while at the Shawano County Jail, Pliska had another inmate hit the emergency intercom for him. Jail staff had placed Pliska in a receiving cell to be monitored with a roll of toilet paper contaminated with someone else's blood. Pliska struggled to hit the button but then he fell and could not move or talk. He laid in a puddle of drool and urine for close to an hour before he received new linen.

On June 19, 2017, Pliska asked for a new roll of "TP" from defendant CO Patti. She gave him a new roll, but only after he asked again.

On June 21, 2017, Pliska had a seizure while in the C pod. Jail staff told him to stop "faking." Pliska was not placed in a receiving cell or in the restraint chair.

On August 27, 2017, defendant Nurse Tylor Rich denied Pliska his medication because Pliska wrote him a note revoking "HSC" ability to carry any information from a clinic.

Pliska seeks monetary damages from the trauma suffered due to the defendants' actions.

*Discussion*

Pliska's second amended complaint is deficient. Specifically, with regard to the June 2, 2017 incident, Pliska simply alleges that he had a seizure during an arrest and that the officers attempted to protect his head from hitting the ground. Pliska does not identify any individuals involved with his June 18, 2017, allegations. On June 19, 2017, he alleges that he asked for, and then received, a new roll of toilet paper. Pliska does not identify any individuals involved with his June 21, 2017, allegations in which he states that jail staff asked him to stop faking a seizure. Lastly, while he alleges that defendant Tylor Rich denied him his medication on August 27, 2017, he does not allege that he was harmed by the lack of medication.

I will allow Pliska one more opportunity to file an amended complaint. Pliska should pay careful attention to the following guidelines if he decides to file a third amended complaint. First, Pliska is advised that he should not include his allegations about his arrest on June 2, 2017, because the allegations do not state a plausible claim for relief and, even if they did, the allegations are not related to his claims that arose at the jail. Second, Pliska should follow the directions in the form complaint when setting forth his allegations. That is, he should state, (1) who violated his rights (Pliska must name the individual defendants involved in his allegations and if he does not know the name of any defendant, he may call then John or Jane Doe defendant and learn their name later on in the case); (2) what each defendant did; (3) when they did it; (4) where it happened; and (5) why they did it, if Pliska knows.

In sum, if Pliska wants to proceed, he should file a comprehensive third amended complaint on or before March 30, 2018. Failure to file a third amended complaint within

this time period may result in dismissal of this action. The third amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The third amended complaint supersedes the prior complaint and must be complete in itself without reference to any other complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). The third amended complaint must be filed on the enclosed complaint form. If a third amended complaint is received, I will screen it pursuant to 28 U.S.C. § 1915A.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that on or before **March 30, 2018**, the plaintiff shall file a third amended complaint as described in this order.

**IT IS FURTHER ORDERED** that the Clerk's Office mail the plaintiff a prisoner complaint form.

Dated at Milwaukee, Wisconsin this 9th day of March, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge